## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

ROBERT CHRISMON, II,

                Plaintiff,

vs.

                Case No. 11-CV-325-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

## OPINION AND ORDER

Plaintiff, Robert Chrismon, II, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's November 20. 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held April 14, 2010. By decision dated May 11, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 1, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 47 at the time of the ALJ's denial decision.   He completed the sixth grade and formerly worked as groundskeeper, stocker, prep cook, janitor, and materials handler.  He claims to have been unable to work since September 30, 2008 as a result of pain due to residuals from a broken neck, schizoaffective disorder, depression, and substance abuse disorder.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform light work with the limitation that he is unable to stoop and can only perform simple and some complex tasks due to problems with concentration.  [R. 20-21].  Although Plaintiff is unable to perform his past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

2

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ:  failed to find that he meets the requirements for a listed impairment; failed to propound a proper hypothetical question to the vocational expert; failed to properly consider the medical source opinions; and failed to perform a proper credibility analysis.

**Analysis**

Consideration of Listed Impairments

Plaintiff asserts that the ALJ erred in failing to find that Plaintiff meets the requirements of a listed impairment found in the Social Security regulations.  There is no merit to this contention.

The Listings of Impairments (listings) describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity.  20 C.F.R. Pt. 404, Subpt. P, App.1.  It is well established that *all* of the specified medical criteria must be matched to meet a listing.  *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).  It is Plaintiff's burden to show that his impairment is equivalent to a listing.  In his brief Plaintiff asserts that he meets a listing, but does so by referring to § 12.00 (C) (4) which is contained in the introductory section to the listings addressing mental disorders.  [Dkt. 15, p. 2].  Plaintiff did not identify a specific listing and discuss the evidence related to that listing.  The court finds that Plaintiff did not meet the burden of showing he meets all of the criteria for a listed impairment.

Hypothetical Questioning of the Vocational Expert

Plaintiff's asserts that the ALJ erred by failing to propound a proper hypothetical question to the vocational expert.  The ALJ posed the following hypothetical question to the vocational expert:

> Assume the claimant to be, I believe he would have been age 45 at the alleged onset date, with 6th grade education.  The ability to read, write, and use numbers.  Assume further the individual, in general, has the physical capacity to perform work consistent with limitations of Exhibit 13F.  That he has functional or mental limitations consistent with Exhibit 10F.

[R. 46].

The ALJ's manner of presenting the hypothetical question to the vocational expert presents difficulties.  Exhibit 13F is an 8-page form that may contain physical work-related limitations and narrative comments spread over 6 pages.  [R. 315-322].  Exhibit 10F is a three page form that contains ratings of an individual's ability to perform 20 work-related mental functions and a functional capacity assessment which is a narrative elaboration of those ratings.  [R. 306-308].  Asking the vocational expert to review such exhibits to glean limitations included in a hypothetical question invites confusion and needlessly introduces an opportunity for miscommunication and misunderstanding.  Those problems are avoided when the ALJ formulates the limitations and verbally expresses them to the vocational expert.  In this case, however, Plaintiff did not identify any specific problems related to the ALJ's manner of presenting the hypothetical question.

Although Plaintiff did not identify the following as a problem, the following illustrates why presenting a hypothetical question by way of exhibit is disfavored.  The exhibit that outlined the physical limitations for the hypothetical question included the postural limitation

4

of occasional stooping.  [R. 317].  The RFC in the ALJ's denial decision is more restrictive

in that the ALJ found Plaintiff "is unable to stoop."  [R. 21].  Since the exhibit and the ALJ's

RFC do not match up exactly, the ALJ needlessly created ambiguity about what limitations

the vocational expert actually considered in answering the hypothetical question.  Although

this runs afoul of the rule that hypothetical questions must relate with precision all of the

claimant's impairments, in this case the error was harmless.  *See Hargis v. Sullivan,* 945

F.2d 1482, 1492 (10th Cir. 1991)("testimony elicited by hypothetical questions that do not

relate with precision all the claimants' impairments cannot constitute substantial evidence

to support the [Commissioner's] decision").

The court has reviewed the descriptions in the Dictionary of Occupational Titles

(DOT) for each occupation identified by the vocational expert.  [R. 27].  For three out of the

four occupations, the DOT description states that stooping is not required for the

occupation.  *See* DICOT, 323.687-014, 1991 WL 672783 (GPO); DICOT 729.687-010,

1991 WL 679733 (GPO); DICOT 706.684-022, 1991 WL 679050 (GPO); DICOT 713.687-

018, 1991 WL 679271 (GPO).  Eliminating the one occupation that requires stooping

leaves 704,000 representative jobs in the national economy and 48,599 jobs in the region

that Plaintiff could perform with the limitations contained in the RFC in the ALJ's decision.

Reversal is not required under the particular circumstances of this case because, despite

the discrepancy between the limitations in the exhibit that formed the hypothetical question

and the ALJ's RFC finding, confidence in the determination of the case is not undermined.

*See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004 (discussing harmless error in

Social Security cases).

The court rejects Plaintiff's argument that the case should be reversed because the ALJ's RFC did not include findings reported in a psychiatric consultation report generated while Plaintiff was hospitalized in April 2009.  [Dkt. 15, p. 3].  In the decision the ALJ accurately outlined the psychiatrist's findings and concluded, "[t]his evidence supports finding that the claimant is limited to simple, repetitive tasks." [R. 24].  It is thus abundantly clear that the ALJ considered this evidence and weighed it in formulating the RFC.

Consideration of Medical Source Opinions

The ALJ acknowledged that the record contains a form expressing the opinion of Laura Savage, LPC and Joe B. Spears MD that Plaintiff has numerous marked limitations due to his mental condition.  The ALJ gave the opinion little weight.  [R. 25].  The ALJ stated the form indicates that Plaintiff had been treated from August 31, 2009 to March 5, 2010, but longitudinal mental health records were not submitted as evidence and therefore the basis of the opinion could not be assessed or reviewed.  [R. 26].  The ALJ stated he gave great weight to the state Disability Determination Service consultants because their opinions were formulated based on available medical and mental health records.  [R. 26]. Plaintiff argues that the ALJ failed to properly weigh the opinions in accordance with the factors set forth in 20 C.F.R. § 404.1527 and court opinions considering that regulation. The court finds no error in the ALJ's analysis or the weight he accorded the opinions before him.

Plaintiff submitted additional records to the Appeals Council as permitted by the relevant regulations.  20 C.F.R. § 404.970(b).  The additional records include the

treatment notes generated by Laura Savage, LPC and Joe B. Spears MD.[2] [R. 390-456].
The Appeals Council acknowledged these records, discussed them, and found that the
new evidence did not provide a basis for changing the ALJ's decision.  [R. 1-2].  Plaintiff
has not raised error related to the Appeals Council's determination.

Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and [the
court] will not upset such determinations when supported by substantial evidence.
However, findings as to credibility should be closely and affirmatively linked to substantial
evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d
1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The
ALJ cited numerous grounds tied to the evidence for the credibility finding.  The court finds
no error in the ALJ's credibility analysis.

---

[2]  In Plaintiff's opening brief counsel does not even mention the fact that the additional records were
submitted to the Appeals Council.  Instead, the argument about the ALJ's analysis of the medical record
consists of a string of disjointed general statements of the law which are not tied to the facts of this case or
discussed in any meaningful way and are therefore unhelpful in advocating Plaintiff's position.  Where, as
here, authority is cited without any attempt to clearly relate the principles espoused therein to the case at hand,
the party risks waiving the alleged error.  *See generally, United States v. Rodriguez-Aguirre*, 108 F.3d 1228,
1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and
must provide specific reference to the record to carry the burden of proving error); *U.S. v. Kunzman*, 54 F.3d
1522, 1534 (10th Cir. 1995)(issues nominally raised, but not briefed not raised adequately on appeal and
therefore not considered on the merits).

## **Conclusion**

The court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 10th day of September, 2012.


*Frank H. McCarthy*

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE